RECEIPT # 58105
AMOUNT $ 150.00
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. Kim Abaid
DATE 12-1-03

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITY OF BOSTON,<br><br>    Plaintiff,<br><br>v.<br><br>K-SEA TRANSPORTATION LLC<br>and EW HOLDING CORP.,<br><br>    Defendants. | CIVIL ACTION NO.<br><br>**03-12416RWZ**<br><br>MAGISTRATE JUDGE Bowler |

## COMPLAINT IN ADMIRALTY

1. This is an action by the City of Boston against K-Sea Transportation LLC and EW Holding Corp. to recover damages for direct physical harm to the fendering system of the Chelsea Street Bridge, a structure owned by the City of Boston. The bridge spans the Chelsea River and connects East Boston with the City of Chelsea.

### JURISDICTION

2. This action is within the Court's admiralty jurisdiction under 28 U.S.C. §1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims.

## **PARTIES**

3. Plaintiff City of Boston is a municipal corporation organized under the laws of the Commonwealth of Massachusetts. Plaintiff was on December 8, 2000, and is now, the owner of the Chelsea Street Bridge (the "Bridge"), including the fendering system.

4. Defendant K-Sea Transportation LLC ("K-Sea") is a limited liability company organized and existing under the laws of Delaware with a principal place of business in Staten Island, New York. At all times relevant to this action, K-Sea owned, operated or controlled the tug MARYLAND and the tank barge KTC-60.

5. Defendant EW Holding Corp. is a corporation organized and existing under the laws of New York with a principal place of business in Staten Island, New York. At all times relevant to this action, EW Holding Corp. was the registered owner of the tug MARYLAND.

6. On December 8, 2000, the tank barge KTC-60 and the tug MARYLAND were proceeding together downstream on the Chelsea River in the vicinity of the Bridge.

7. At approximately 10:30 p.m. on December 8, 2000, as the tank barge KTC-60 and the tug MARYLAND were transiting the Chelsea Creek, said tank barge struck the fendering system near dolphin nos. 5 and 6 on the East Boston side of the Bridge, causing extensive damage to the fendering system.

8. The allision between tank barge KTC-60 and the fendering system of the Bridge described above occurred while the tank barge and the tug MARYLAND were under the ownership, operation, and control of the defendants, and said allision was caused by the negligence of said defendants through their agents, servants, and employees who were in control of the tug MARYLAND and tank barge KTC-60 at the time of the allision.

9. The City of Boston has suffered damages as a result of the negligence of the defendants in connection with the foregoing allision. Said damages include the cost of repairing the fendering system of the Bridge. Based on the information presently available to it, the City of Boston estimates that its damages in this action exceed $83,000.

## COUNT I
### *(Maritime Tort Against K-Sea Transportation LLC)*

10. Plaintiff repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 9 of this complaint.

11. At the time of the foregoing allision, the tank barge KTC-60 and the tug MARYLAND were owned, operated, or controlled by K-Sea Transportation LLC. At that time, K-Sea Transportation LLC had a duty to exercise reasonable care in the operation and control of the tug and tank barge.

12. K-Sea Transportation LLC failed to exercise reasonable care in the operation and control of the tug MARYLAND and the tank barge KTC-60, and as a result of said defendant's negligence, the barge struck the fendering system of the Bridge and caused substantial physical damage to said structure.

13. As a result of K-Sea Transportation LLC's negligence, the City of Boston has suffered harm.

14. The negligence of K-Sea Transportation LLC constitutes a maritime tort, for which it is liable to the City of Boston.

## COUNT II
### *(Maritime Tort Against EW Holding Corp.)*

15. Plaintiff repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 14 of this complaint.

16. At the time of the foregoing allision, the tug MARYLAND was owned by EW Holding Corp. and operated and controlled by the agents, servants, or employees of said defendant.

17. The foregoing allision was caused by the negligence of defendant EW Holding Corp., its agents, servants, or employees.

18. As a result of EW Holding Corp.'s negligence, the City of Boston has suffered harm.

19. The negligence of EW Holding Corp. constitutes a maritime tort, for which it is liable to the City of Boston.

**WHEREFORE**, plaintiff City of Boston requests the following relief:

1. that judgment enter in favor of plaintiff against defendant K-Sea Transportation LLC on Count I in an amount sufficient to compensate the City of Boston for the damages it has suffered as a result of the negligence of said defendant, plus interest, costs, and reasonable attorney's fees to the extent available under any applicable statute or law;

2. that judgment enter in favor of plaintiff against defendant EW Holding Corp. on Count II in an amount sufficient to compensate City of Boston for the damages it has suffered as a result of the negligence of said defendant, plus interest, costs, and reasonable attorney's fees to the extent available under any applicable statute or law; and

3. that plaintiff City of Boston be granted such other and further relief as this Court deems just and proper.

By its attorneys,

*/s/ John J. Finn*
John J. Finn, BBO# 166060
FINN & FINN
2 Hayden Rowe Street
Hopkinton, MA 01748
(508) 497-5019

Dated: December 1, 2003