UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CITY OF BOSTON,** | CIVIL ACTION |
|     **Plaintiff,** | NO: 03-12416-RWZ |
| vs. | |
| **K-SEA TRANSPORTATION, LLC** **and K-SEA TRANSPORTATION CORP.,** | |
|     **Defendants.** | |

### DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT IN ADMIRALTY

Now come the defendants, K-Sea Transportation, LLC and K-Sea Transportation Corp., in the above entitled action, by and through their attorneys, Clinton & Muzyka, P.C., and respond to the allegations contained in Plaintiff's Amended Complaint in Admiralty as follows:

1. Paragraph No. 1 does not contain any factual allegations and therefore does not require a response on behalf of the defendants. To the extent that a response is required, the defendants deny the allegations contained therein.

### JURISDICTION

2. Paragraph No. 2 contains legal allegations not requiring a response, but to the extent that a response is required, the defendants deny the allegations contained therein.

**PARTIES**

3. The defendants admit that the City of Boston is a municipal corporation.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 3 and therefore deny same.

4. The defendants admit the allegations contained in Paragraph No. 4.

5. The defendants admit the allegations contained in Paragraph No. 5.

6. The defendants admit the allegations contained in Paragraph No. 6.

7. The defendants denies the allegations contained in Paragraph No. 7.

8. The defendants deny the allegations contained in Paragraph No. 8.

9. The defendants deny that the plaintiff sustained damages as a result of their negligence.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 9 and therefore deny same.

**COUNT I**
(Maritime Tort Against K-Sea Transportation, LLC)

10. The defendant reaffirms and reiterates its answers to the allegations set forth in Paragraphs Nos. 1 through 9 inclusive and incorporates same as if fully set out herein.

11. The defendant admits that it owned BARGE KTC-60. The remaining allegations contained in Paragraph No. 11 are legal allegations not requiring a response, but to the extent that a response is required, the defendant denies the allegations contained therein.

12. The defendant denies the allegations contained in Paragraph No. 12.

13. The defendant denies the allegations contained in Paragraph No. 13.

14. Paragraph No. 14 is a legal allegation not requiring a response, but to the extent a response is required, the defendant denies the allegations contained therein.

**WHEREFORE**, the defendant, K-Sea Transportation, LLC, prays that this Honorable Court dismiss Count I of Plaintiff's Complaint in Admiralty together with costs and reasonable attorney's fees.

**COUNT II**
(Maritime Tort Against K-Sea Transportation Corp.)

15. The defendant reaffirms and reiterates its answers to the allegations set forth in Paragraphs Nos. 1 through 14 inclusive and incorporates same as if fully set out herein.

16. The defendant denies the allegations contained in Paragraph No. 16.

17. The defendant denies the allegations contained in Paragraph No. 17.

18. The defendant denies the allegations contained in Paragraph No. 18.

19. Paragraph No. 19 is a legal allegation not requiring a response, but to the extent a response is required, the defendant denies the allegations contained therein.

**WHEREFORE**, the defendant, K-Sea Transportation Corp., prays that this Honorable Court dismiss Count II of Plaintiff's Complaint in Admiralty together with costs and reasonable attorneys fees.

## AFFIRMATIVE DEFENSES

The defendants incorporate the following Affirmative Defenses into their Answer as follows:

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendants state that the plaintiff has failed to join an indispensable party.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendants states that the plaintiff's claim is barred by the doctrine of laches.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendants state that the plaintiff has failed to mitigate its damages.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendants state that this Court lacks personal jurisdiction to entertain this action.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendants state that Plaintiff's Complaint in Admiralty was improperly served and that there is insufficiently of Process.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendants state that the plaintiff lacks standing to institute this action.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendants state that if the plaintiff sustained damage as alleged, which is specifically denied, said damages resulted in whole or in part from its own negligence and not due to any negligence or fault on the part of the defendants, or any person for whom the defendants are legally responsible for.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendants state that the defendants are not responsible for the plaintiff's damages sustained to the fendering system of the Bridge prior to and subsequent to September 4, 2001 and failed to repair said damage which cannot be identified to any alleged incident involving the defendant's tug and/or barge.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendants state that if the plaintiff sustained damage as alleged, which is specifically denied, said damages resulted in whole or in part from an Act of God or a condition not created by the defendants, their employees, servants or agents.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendants state that if the plaintiff sustained damage as alleged, which is specifically denied, said damages resulted in whole or in part from the acts and/or omissions of a person or persons over whom the defendants had no control and for whom the defendants were are not legally responsible for.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendants state that if the plaintiff was injured as alleged, which is specifically denied, such injury was without fault, knowledge or privity of the

defendants; and that the damaged claimed herein exceeds the value of the vessels, including its pending cargo; and the defendants herewith claim benefit of any and all laws and statutes of the United States of America, or and concerning limitation of liability of the defendant, 46 U.S.C.S. Appx. §183(b).

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendants state that if liability is found in favor of the plaintiff, which is specifically denied, then the damages sustained must be reduced proportionally by the degree of negligence on the part of plaintiff and defendants pursuant to the General Maritime Law.

**WHEREFORE**, the defendants, K-Sea Transportation, LLC and K-Sea Transportation Corp., pray that this Honorable Court dismiss Plaintiff's Complaint in Admiralty together with costs and reasonable attorney's fees.

By its attorneys,

**CLINTON & MUZYKA, P.C.**

"/s/ Thomas E. Clinton"
Thomas E. Clinton
BBO NO: 086960
Kenneth M. Chiarello
BBO NO: 639274
One Washington Mall
Suite 1400
Boston, MA  02108
(617) 723-9165

February 3, 2005